UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:19-CR-00037-TBR

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

MONTY K. TURNER (4)                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Monty Turner's Motion for Release from Custody. [DN 50.] The government has responded. [DN 53.] As such, this matter is ripe for adjudication. For the reasons that follow, Defendant's Motion for Release from Custody [DN 50] is **DENIED**.

**I. Background**

Monty Turner was indicted on June 11, 2019 on one count of Conspiracy to Distribute/Possess with Intent to Distribute Methamphetamine. [DN 1.] Turner was arrested on June 17, 2019. [DN 17.] Magistrate Judge King conducted a detention hearing on June 21, 2019 and ordered Turner be detained pending trial. [DN 25.] Defendant's sister and son both testified at the hearing. [DN 24.] Judge King found a rebuttable presumption that no condition or combination of conditions could reasonably assure Turner's appearance and the safety of the community because there was probable cause Turner committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act. [DN 25.] Judge King also found Turner presented sufficient evidence to rebut the presumption, but detention was still warranted due to other factors. [*Id.*]

Judge King still found by clear and convincing evidence that there was no condition or combination of conditions which would reasonably assure the safety of the community. [*Id.*] Judge King also found by a preponderance of the evidence that there was no condition or combination of conditions which would reasonably assure Turner's appearance as required. This finding was due to: 1) the weight of evidence against the defendant; 2) Turner is subject to a lengthy period of incarceration if convicted; 3) Turner's prior criminal history; 4) participation in criminal activity while on probation, parole, or supervision; 5) history of violence or use of weapons; 6) history of alcohol or substance abuse; 7) lack of stable employment; 8) prior failure to appear in court as ordered; and 9) prior violations of probation, parole, or supervised release. [*Id.*] Turner now asks this Court to review Judge King's order of detention pending trial.

## II. Legal Standard

Pursuant to 18 U.S.C. §3145(b), "if a person is ordered detained by a magistrate judge…that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "When such a motion is made, the district court uses a *de novo* standard when reviewing the Magistrate Judge's decision." *United States v. Malone*, 2018 U.S. Dist. LEXIS 161827, *7 (W.D. Ky. Sept. 20, 2018). "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

18 U.S.C § 3142(e) states, "[i]f…the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community, such judicial officer shall order the detention of the person before trial." In making this determination, the judicial officer considers: 1) the nature and circumstance of the offense; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. §3142(g)(1)-(4).

### III. Discussion

Turner's reason for release is the current COVID-19 pandemic and the risk it poses due to his underlying health conditions. He has not argued or provided the Court with any information that materially changes Judge King's finding that there are no conditions of release that will reasonably assure his appearance or the safety of any other person and the community. Turner argues these are compelling reasons for his release. 18 U.S.C. §3142(i) states: "[t]he judicial officer may…permit the temporary release of the person…to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." "A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." *United States v. Clark,* No. 19-40068-01-HLT, 2020 WL 1446895, *2 (D. Kan. Mar. 25, 2020).

"Courts have typically granted relief under § 3142(i) only sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (citing *United States v. Hamilton,* No. 19-CR-54-01, 2020 WL 132036, *2 (E.D. N.Y. Mar. 20, 2020). The Court in *United States v. Cordero Carabollo*, 185 F. Supp. 2d 143 (D.P.R. 2002) released the defendant due to his extreme medical needs. *Id.* at 144. Cordero Caraballo suffered from: "(i) partial paraplegia (loss of function of the lower extremities); (ii) left hand loss of function; (iii) huge ulcer at the right low back, with exposure of the pelvis and active infection; (iv) incomplete

healing of the previous abdominal surgeries; (v) long healing wounds at the right leg and left thigh; and (vi) healing tracheotomy." *Id.*

A. *Clark* Factors

In *Clark,* the Court set forth guidelines for Courts to evaluate on a case by case basis. That Court evaluated several factors in making its determination. The Court here will use those same factors. They are:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3.

**1. Original Grounds for Turner's Pretrial Detention**

At Turner's detention hearing, Judge King found:

> "The weight of the evidence is strong. The Defendant admitted to multiple methamphetamine purchases in quantities too large for personal consumption. At the time of the alleged offense, the defendant was on parole for methamphetamine related convictions for which he was sentenced to 25 years. The Defendant absconded from the trial of the prior methamphetamine case, having been released on pretrial bond he left during a lunch break in the trial and never returned. His parole was revoked in this prior case for absconding from supervision, he was returned to prison, and paroled a second time at the time of the alleged instant federal offense."

[DN 25.] Judge King considered the testimony provided by Turner's sister and son in making his decision but still found there were no conditions or combination of conditions of release that would reasonably assure the safety of the community or Turner's appearance. [DN 24.] As previously stated, Turner has not presented any evidence that materially changes the findings of Judge King

at the detention hearing. Therefore, this factor weighs heavily in favor of Turner remaining detained.

### 2. The Specificity of Turner's Stated COVID-19 Concerns

Turner states he is 57 years old and has a history of cardiac disease. [DN 52.] He states he takes Atorvastatin, Metoprolol, Lisinopril, and Lasix while incarcerated to aide with his heart condition. [*Id.*] Further, he states he suffered a heart attack on February 17, 2019, while incarcerated and in August 2017 and was taken to Western Baptist Hospital for treatment on both occasions. [*Id.*] The government contests the dates Turner states he suffered the heart attacks. [DN 53.] Turner further states he has a family history of cirrhosis of the liver and recently received a blood test that indicates he now has cirrhosis of the liver as well. [DN 52.] Finally, Turner states in 2017 a spot on his lungs was discovered. [*Id.*] Turner does not provide any medical records in support of these conditions. However, even taking Turner's statements as true, these conditions are not enough to warrant release.

The Centers for Disease Control and Prevention has stated those that are 65 years or older, have lung, heart, kidney, liver, or autoimmune conditions, or are diabetic are at a greater risk of becoming seriously ill.[1] Turner is at a greater risk due to his heart and liver conditions. However, Turner has stated he is taking his medications for his heart condition while incarcerated. There is no indication that he has had a difficult time receiving care or his condition is not being managed. Turner does not state medication is required for his recent diagnosis of cirrhosis of the liver or that he is experiencing any difficulties due to his liver condition.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html

Further, the government has provided the steps the detention center Turner is currently being housed has taken. Those steps are:

"1. All employees and inmates are monitored for symptoms of respiratory infection;

2. All new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented;

3. Visits by non-essential personnel (programs, mentors, religious service, etc.) are suspended;

4. Inmate visitation is suspended;

5. Attorney/client meetings are being held by video conference or through the glass meetings;

6. Clean teams have been designated and provided personal protective equipment and supplies to frequently disinfect high traffic areas;

7. Hand sanitizer stations have been established and remain fully stocked; and

8. Individuals who may become symptomatic will be isolated."

[DN 53.] Turner also has not argued there are currently any confirmed or suspected cases of the virus at McCracken County Jail. The government states "only one facility housing Federal prisoners or pre-trial detainees in the Western District of Kentucky has reported a positive test for COVID-19…[A] part-time employee at the Daviess County Jail did test positive". [*Id.*] Turner has not been incarcerated at Daviess County Jail.

Although the Court does recognize Turner has a greater risk of becoming seriously ill if he contracts the virus, the Court finds McCracken County Jail is taking reasonable steps to ensure the safety of all inmates. *See United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298 *6 (N.D. Tx. Apr. 7, 2020) ("Wright's health and public health emergency caused by COVID-19 are extremely important considerations…but Wright has not shown that the Dallas County jail is unable to or failing to take measures to protect inmates from the spread of COVID-19"). Therefore, this factor weighs in favor of detention.

### 3. The Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Other COVID-19 Risks to the Defendant

Turner has not provided any release plan. He does not provide the Court with any information regarding where he will live upon release, how he will get there, and how the plan mitigates the risk of infection. Without any evidence, the Court cannot determine whether release would mitigate or exacerbate risks to Turner. Therefore, Turner has not met his burden and this factor weighs in favor of detention.

### 4. The Likelihood That the Defendant's Proposed Release Would Increase COVID-19 Risks to Others

As stated when evaluating the previous factor, Turner has not provided a release plan. The Court cannot fully evaluate the potential risk to others without a plan. However, "[a] defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Smoot,* No. 2:19-CR-20, *3 2020 WL 1501810 (S.D. Ohio March 30, 2020) (quoting *Clark,* No. 19-40068-01-HLT, *7 2020 WL 1446895). Turner has a history of violating his parole and has previously absconded from supervision. Given his history, and the lack of any proposed plan, this Court finds Turner increases the risk of COVID-19 transmission to others. Therefore, this factor weighs in favor of detention.

## IV. Conclusion

After evaluating all of the *Clark* factors, this Court finds Turner has not established compelling reasons for release. Although he has two conditions that place him at a higher risk, there is currently no outbreak at his facility and the facility is taking measures to combat any possible outbreak. The reasons Judge King ordered Turner detained still exist and Turner has not

provided any evidence that those concerns have materially changed. Therefore, **IT IS HEREBY ORDERED** that Defendant's Motion for Release from Custody [DN 50] is **DENIED.** The telephonic further proceeding scheduled for Friday April 24, 2020 is **VACATED**. The telephonic further proceeding scheduled for June 19, 2020 at 9:00 a.m. for defendants Novetske, Jones, and Turner remains as scheduled.

    **IT IS SO ORDERED.**

                              **Thomas B. Russell, Senior Judge**
                              **United States District Court**

                              April 22, 2020

cc: counsel