UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:19-cr-00037-TBR-4

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

MONTY K. TURNER                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Monty Turner's ("Turner") Motion for Compassionate Release. [DN 89]. Turner has filed two Supplements to his motion. [DNs 90, 92]. The government has responded. [DN 93]. Turner has replied [DN 94]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Turner's Motion for Compassionate Release [DN 89] is **DENIED**.

### I. Background

Turner plead guilty to one count of Conspiracy to Distribute/Possess with Intent to Distribute Methamphetamine on July 22, 2020. [DN 65]. He was sentenced to 60 months imprisonment and five years supervised release on November 13, 2020. He now moves this Court to grant him compassionate release.

### II. Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for

compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

Turner previously filed a Motion for Release from Custody which the Court denied. [DNs 50, 54]. In a supplement to that motion, Turner stated he was 57 years old and had a history of cardiac disease. Turner also stated he had a family history of cirrhosis of the liver and blood work indicated he had cirrhosis of the liver. Turner did not provide any medical records to confirm his conditions but the Court, viewing Turner's statements as true, still found he did not qualify for release using the *Clark* factors.

**A. Exhaustion of Remedies**

As previously stated, an inmate is generally required to exhaust their administrative remedies prior to filing a motion for compassionate release. However, where a defendant is in the custody of the United States Marshal but has not been transferred to a Federal Prison, administrative remedies are exhausted.

> "Coslow was sentenced to serve one year and one day for [violations of his supervised release.] He is currently in the custody of the United States Marshals Service "(USMS") and is housed in the Oldham County Detention Center ("OCDC") awaiting Bureau of Prisons ("BOP") designation and transfer to a federal facility. All transportation to BOP custody has ceased temporarily due to the COVID-19 pandemic and statewide efforts to avoid further transmission of the virus.
> …
>
> Coslow is not yet in the custody of the Bureau of Prisons. He would be, but for the present state of suspended animation. Coslow thus has no warden to whom he may petition for compassionate release, yet he remains confined and serving a federal sentence.
> …
>
> The defendant is in the custody of the United States Marshal, having been sentenced by the undersigned but not yet transferred to the Bureau of Prisons. The BOP has therefore not brought a motion on the defendant's behalf to reduce his term of imprisonment, and it cannot do so, and it will not do so, because there is no dispute that the defendant is not in the custody of the BOP. Since under these circumstances he cannot exhaust any administrative rights to appeal inaction by the BOP, we will

find that he has exhausted all the administrative [sic] rights he, at this time, doesn't have."

*United States v. Coslow,* 2020 WL 2499592, *1-2 (W.D. Ky. May 14, 2020). Here, Turner is in an identical situation. He has been sentenced by this Court to 60 months imprisonment. Although he was recently transferred to a BOP facility, at the time he filed his motion, he was serving his sentence in the McCracken County Jail. There was no warden for Turner to petition. Therefore, the Court finds Turner has exhausted his administrative remedies.

**B. Extraordinary and Compelling Reasons**

Turner argues he is eligible for compassionate release because the facility has had an increase in Covid-19 cases, the facility is unable to manage medical conditions, and he tested positive for Covid-19. In addition to the above stated conditions, Turner also states he suffers from high blood pressure and hepatitis C.

Turner has provided some medical records that support his claim that he suffers from coronary artery disease. [DN 94-1 at PageID 514]. In its brief, the government stated it spoke with the Deputy United States Marshal for Paducah and he stated Turner did contract Covid-19 but has made a full recovery. The Court independently contacted the Deputy United States Marshal for Paducah and was also informed that Turner, thankfully, has made a full recovery from Covid-19. The Court was also informed that Turner has been seen by multiple doctors and there are no concerns about any complications. McCracken County Jail has also gotten control of the recent outbreak and only has two current positive inmates that are both isolated.

Further, the Court was informed that Turner has been transferred to USP McCreary. USP McCreary currently has 19 positive inmates. This is not an uncontrolled outbreak that warrants release. Due to Turner being transferred to a facility where there is no indication of an outbreak, Turner has not shown extraordinary and compelling reasons. *See United States v. Brian*

5

*Merriweather,* No. 3:15-CR-00184-2, 2021 WL 195371 (M.D. Tenn. Jan. 20, 2021) (denying compassionate release to inmate with hypertension, hypokalemia, obesity, osteoarthritis, and decreased kidney function). Due to Turner not showing extraordinary and compelling reasons, the Court need not address the 3553(a) sentencing factors.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Turner's Motion for Compassionate Release [DN 89] is **DENIED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 25, 2021

cc: Monty Turner
    19785-033
    USP McCreary
    Inmate Mail/Parcels
    P.O. Box 3000
    Pine Knot, KY 42635
    PRO SE